09-5184-ag
Sengott v. Holder

BIA
Van Wyke, IJ
A098 580 851

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November, two thousand ten.

PRESENT:
         RALPH K. WINTER,
         JOSÉ A. CABRANES,
         DENNY CHIN,
              *Circuit Judges*.

_____

MOCTAR BAIDY SENGOTT,
         *Petitioner*,

         v.                                    09-5184-ag
                                               NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
         *Respondent*.

_____

FOR PETITIONER:          Law Offices of Malick A. Diop,
                         Bronx, New York

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Emily Anne Radford,
                         Assistant Director, Nehal H. Kamani,
                         Trial Attorney, Office of

**Immigration Litigation, U.S. Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Moctar Baidy Sengott, an alleged native and citizen of Mauritania, seeks review of the November 17, 2009, decision of the BIA affirming the January 14, 2008, decision of Immigration Judge ("IJ") William P. Van Wyke pretermitting his application for asylum, and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Moctar Baidy Sengott*, No. A098 580 851 (B.I.A. Nov. 17, 2009), *aff'g* No. A098 580 851 (Immig. Ct. N.Y. City Jan. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We

review only the agency's denial of Sengott's applications for withholding of removal and CAT relief because he waives any challenge to the agency's pretermission of his asylum application as untimely. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

With respect to Sengott's application for withholding of removal, substantial evidence supports the IJ's adverse credibility determination. While Sengott claims that the agency improperly relied on minor inconsistencies, the agency reasonably found that Sengott's contradictory testimony and failure, though given multiple opportunities, to establish his location during the six years after he and his family purportedly were forcibly deported from Mauritania constituted substantial discrepancies going to the heart of Sengott's claim. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). Moreover, the agency did not err in concluding that these discrepancies in conjunction with other inconsistencies such as those related to whether Sengott's brother's arm was broken, whether soldiers accused Sengott of not being Mauritanian, and whether his family was beaten and whipped by a rival ethnic group, cumulatively supported an adverse credibility

3

determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder").

Accordingly, because the agency's adverse credibility determination was supported by substantial evidence, it did not err in denying Sengott's application for withholding of removal. *See id.* at 402-03. Further, the agency did not err in finding that Sengott failed to credibly establish his eligibility for protection under the CAT because that claim was based on the same factual predicate as his claim for withholding of removal. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Finally, we lack jurisdiction to consider Sengott's ineffective assistance of counsel claim because it was not presented to the BIA, and we dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously

4

granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk